**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| **THREE FRIENDS, INC.** )<br>**d/b/a WOW TOBACCO & GROCERY** )<br>**3129 W. North Avenue** )<br>**Baltimore, Maryland 21216** )<br>)<br>     **Plaintiff,** )<br>)<br>     **v.** )<br>)<br>**UNITED STATES OF AMERICA** )<br>**Civil Process Clerk** )<br>**United States Attorney's Office** )<br>**District of Maryland** )<br>**36 S. Charles Street, 4th Floor** )<br>**Baltimore, Maryland 21201** )<br>)<br>     **Defendant.** ) | Civil Action No. _____ |

**COMPLAINT**

Plaintiff, Three Friends, Inc. d/b/a Wow Tobacco & Grocery ("WOW" or "Plaintiff"), by and through its undersigned counsel, hereby files this Complaint against Defendant, the United States of America ("Defendant"), and states as follows:

**INTRODUCTION**

1. WOW is a retail convenience store located in Baltimore City, Maryland, within Maryland's 7th Congressional District. WOW began operations in or around late 2016.

2. In its location, WOW serves a community where an estimated 16.6% of its residents have incomes below the poverty line. That figure rises to 23.4% of children in the 7th District who have family incomes below the poverty line.[1]

---

[1] *See* Center for America Progress. https://talkpoverty.org/cd-year-report/maryland-cd-7-report-2018.

3. According to Defendant itself, in 2017, approximately 19% of households within the 7th District received benefits from the Supplemental Nutrition Assistance Program ("SNAP")[2], formerly known as Food Stamps, which is overseen by the Food & Nutrition Service ("FNS") of the United States Department of Agriculture ("USDA"). Of the households in the 7th District participating in the SNAP program, 44.7% have at least one child under eighteen years of age, and 38.4% have one or more people age sixty (60) or greater in the household

4. As a whole, Baltimore City has more than 176,000 residents participating in the SNAP program, more than 25% of the population of the City.

5. Accordingly, in an effort to serve its surrounding community, WOW began accepting Electronic Benefit Transfers (or "EBT") in or around late 2016/early 2017, shortly after it opened. WOW ultimately grew its SNAP participant customer base to a substantial share of WOW's total clientele and EBT transactions at WOW accounted for a substantial portion of its gross revenue.

6. WOW provides an essential service to its community and its participation in the SNAP program benefits many of its residents who rely upon the SNAP program for essential foods and drinks.

7. Since it began accepting SNAP/EBT in 2016/2017, WOW had not received any warning letters, disciplinary actions, or any other correspondence from the USDA which would indicate that Plaintiff was improperly participating in, or administering, the SNAP program and its associated benefits, until April 2020, when the administrative action underlying this lawsuit began

---

[2] *See* USDA Profile of SNAP Households in 2017: Maryland Congressional District 3. https://fns-prod.azureedge.net/sites/default/files/resource-files/Maryland_7.pdf

8. Plaintiff brings this action in response to the USDA's arbitrary and capricious decision, made without sufficient evidence, to permanently disqualify Plaintiff from the SNAP program, and deny Plaintiff's request for a trafficking civil money penalty in lieu of permanent disqualification.

## JURISDICTION AND VENUE

9. Plaintiff brings this action based upon its disqualification from eligibility to participate in the Supplemental Nutrition Assistance Program, as it is codified in 7 U.S.C. §§ 2011 — 2036(c).

10. This Court has subject matter jurisdiction over this case pursuant to 7 U.S.C. § 2023, and 7 C.F.R. § 279.7. Furthermore, 28 U.S.C. § 1331 grants this Court original jurisdiction over civil actions arising under the laws of the United States.

11. Venue is proper in this District pursuant to 7 C.F.R.§ 279.7(a), 7 U.S.C. § 2023(13) and 28 U.S.C. § 1391(b) because Plaintiff's business is owned and operated in Baltimore, Maryland, and because the facts giving rise the circumstances herein occurred in the District of Maryland.

## PARTIES

12. Plaintiff, Three Friends, Inc. d/b/a Wow Tobacco & Grocery, is a Maryland corporation located and doing business at 3129 W. North Avenue, Baltimore, Maryland 21216. WOW is owned and operated by Manpreet Singh ("Singh"), the manager of WOW, and Rizwan Yousef ("Yousef").

13. Defendant, the United States of America, acting through its agency, the USDA, and its subservice, the Food and Nutrition Service, is responsible for the administration of, and determination of eligibility in, the SNAP program.

**FACTUAL ALLEGATIONS**

14. The Supplemental Nutrition Assistance Program ("SNAP") is a government program operated pursuant to Title 7 United States Code, Chapter 51, and codified more specifically as 7 U.S.C. §§ 2011 -2036(c).

15. The general purpose of SNAP is to provide food benefits to program participants who meet certain financial need requirements. SNAP participants are awarded benefits (*i.e.*, money) issued on a state-by-state basis in varying amounts based upon the needs of their given households. These benefits are transmitted to, and utilized by the participant, through an EBT card, akin to a debit card

16. Federal regulations provide that such benefits are to be used by the SNAP participant only for the purchase of food and other eligible items sold by approved SNAP retailers, such as WOW.

17. SNAP retailers can be held accountable by Defendant, through the USDA and FNS, pursuant to 7 C.F.R. § 278.6, which provides, in relevant part, that retailers who violate SNAP regulations are subject to possible disqualification or suspension. Among the prohibited SNAP actions for retailers is "trafficking" in SNAP benefits.

18. The term "trafficking" is defined in 7 C.F.R. §271.2, which provides, in relevant part, that, trafficking includes:

> (1) The buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits issued and accessed via Electronic Benefit Transfer (EBT) cards, card numbers and personal identification numbers (PINs), or by manual voucher and signature, for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone;

4

19.     Federal regulations further provide that if a retailer is found to be trafficking in SNAP benefits, it (and the actual individuals who had applied for SNAP participation) shall be permanently disqualified from participation in the program.

20.     However, 7 CFR § 278.6(i) permits a retailer found to be trafficking in SNAP benefits to be assessed a trafficking civil monetary penalty ("CMP") in lieu of permanent disqualification from the SNAP program if it can demonstrate by "substantial evidence" its satisfaction of the following criteria:

> (a)     *Criterion 1.* The firm shall have developed an effective compliance policy as specified in § 278.6(i)(1); and
> (b)     *Criterion 2.* The firm shall establish that both its compliance policy and program were in operation at the location where the violation(s) occurred *prior* to the occurrence of violations cited in the charge letter sent to the firm; and
> (c)     *Criterion 3.* The firm had developed and instituted an effective personnel training program as specified in § 278.6(i)(2); and
> (d)     *Criterion 4.* Firm ownership was not aware of, did not approve, did not benefit from, or was not in any way involved in the conduct or approval of trafficking violations . . .

7 CFR § 278.6(i)

21.     Further, 7 CFR § 278.6(e)(7) permits the USDA to "send the [retailer] a warning letter if violations are too limited to warrant a disqualification" in lieu of a harsher sanction.

22.     In an April 16, 2020, letter sent by the USDA through FNS pursuant to 7 C.F.R. §278.6 ("Charging Letter"), the USDA alleged that Plaintiff had engaged in unlawful trafficking of SNAP benefits.

23.     Specifically, the USDA alleged that during five (5) undercover compliance visits to WOW, on *one (1)* singular occasion, an employee/store clerk at WOW had exchanged $150 in cash for $913.93 in SNAP benefits. Neither Singh nor Yousaf, the two owners of WOW, were alleged by Defendant to have an any part in the rogue's employees actions.

24. In a May 1, 2020 letter to the USDA, Plaintiff responded to, and defended itself against, the allegations set forth in the Charging Letter.

25. Specifically, Plaintiff explained that the trafficking allegations had been purportedly committed by Souleymane "Bakko" Diallo ("Bakko"), a former employee of WOW. When confronted with the USDA's allegations, Bakko admitted to Singh that he had paid $150 in exchange for an EBT with a value of $913.93. Singh and Yousaf immediately terminated Bakko from employment at WOW.

26. Neither Singh nor Yousaf, nor any other WOW employees, were aware that Bakko had unlawfully traded cash for SNAP benefits. Moreover, neither Singh nor Yousaf, nor WOW itself, financially benefited from Bakko's actions.

27. Plaintiff also provided the USDA with an affidavit from Singh attesting to such facts, in addition to explaining that WOW trains all employees in the proper administration of the SNAP/EBT program. Plaintiff also submitted a photograph of a sign at the store, which is located in clear sight for all employees, including Bakko, that explains the "SNAP EBT Do's and Don'ts for Cashiers."

28. Finally, also as part of its May 1, 2020 letter to the USDA, Plaintiff timely requested the imposition of a trafficking CMP in lieu of permanent disqualification from the SNAP program.

29. In a May 5, 2020 letter, the Retailer Operations Division of the USDA rejected Plaintiff's defenses and notified WOW that it was permanently disqualified from the SNAP program (the "Initial Determination"). The USDA also determined that Plaintiff was not eligible for a trafficking CMP.

30. Plaintiff then filed a timely Request for Review of Administrative Action, pursuant to 7 C.F.R. § 279.1, *et seq.*, and presented arguments and evidence in support of its position.

31.     In an opinion dated August 13, 2020, sent by email to Plaintiff's counsel on August 14, 2020, entitled Final Agency Decision (the "Final Agency Decision"), the Administrative Review Division of the USDA sustained the imposition of permanent qualification of Plaintiff from the SNAP program. A copy of the Final Agency Decision is attached hereto as **Exhibit 1.**

32.     Plaintiff timely filed this Judicial Appeal within thirty (30) days of receipt of the Final Agency Decision, pursuant to 7 C.F.R. §279.7, to seek reversal of the USDA's decision to permanently disqualify Plaintiff from participating in the SNAP program.

## COUNT I
## REQUEST FOR JUDICIAL REVIEW

33.     Each and every allegation contained in the foregoing paragraphs is incorporated by reference as if fully set forth herein.

34.     Plaintiff, pursuant to 7 U.S.C. § 2023 and 7 C.F.R. §279.7, is entitled to request judicial review of the Final Agency Order, which permanently disqualified Plaintiff from the SNAP program.

35.     The Initial Determination, as well as the Final Agency Decision erroneously found that Plaintiff had trafficked in SNAP benefits warranting permanent disqualification from the SNAP program.

36.     However, any alleged "trafficking" was committed only by Bakko, a rogue employee, without the knowledge, permission, sanction, or request of Singh and Yousaf, the owners of WOW. In fact, Plaintiff did not receive any benefit from Bakko's actions, financial or otherwise; Defendant has never alleged anything to the contrary.

37.     In imposing the drastic sanction of permanent disqualification, Defendant and the USDA failed to consider and analyze the facts and circumstances of this specific case. As a result, Defendant issued the "death penalty" to Plaintiff, the harshest possible sanction under the law,

despite Plaintiff having no knowledge of, or receiving any benefits whatsoever from, Bakko's alleged actions.

38. Furthermore, the USDA failed to sufficiently review Plaintiff's eligibility for a trafficking CMP in lieu of permanent disqualification.

39. And, despite the relatively minor purported violation of SNAP regulations, which Singh and Yousaf were not alleged to be involved in or aware of, the USDA failed to send WOW a warning letter in lieu of a permanent disqualification, as permitted by 7 CFR § 278.6(e)(7).

40. Defendant, acting through its department and sub-departments in the USDA, improperly and impermissibly permanently disqualified Plaintiff from participation in the SNAP program, without substantial evidence, and in an arbitrary and capricious fashion.

41. Therefore, Final Agency Decision and its accompanying permanent disqualification of Plaintiff from the SNAP program should be reversed by this Court.

**WHEREFORE**, Plaintiff, Three Friends, Inc. d/b/a Wow Tobacco & Grocery, respectfully requests that this Court conduct a Judicial Review of Defendant's permanent disqualification of Plaintiff from the SNAP program and enter Judgment in favor of Plaintiff, and against Defendant, and enter an Order granting Plaintiff the following relief:

(a) Reversing the Final Agency Decision;

(b) Vacating FNS's Initial Determination;

(c) Directing Defendant to send a warning letter to Plaintiff in lieu of permanent disqualification;

(d) Reinstating Plaintiff as approved participants in the SNAP program;

(e) Permanently enjoining FNS from withdrawing Plaintiff's eligibility to participate in the SNAP program;

(f) Awarding Plaintiff its reasonable attorneys' fees and costs incurred in this action, including pursuant to the Equal Access to Justice Act; and

(g) Such other and further relief as the Court deems just and proper.

## COUNT II
## CIVIL MONEY PENALTY

42. Each and every allegation contained in the foregoing paragraphs is incorporated by reference as if fully set forth herein.

43. 7 C.F.R. § 278.6(i) provides that, "FNS may impose a civil money in lieu of a permanent disqualification for trafficking as defined in § 271.2 if he firm timely submits to FNS substantial evidence which demonstrates that the firm had established and implement an effective compliance policy and program to prevent violations of the Program."

44. Defendant, through the USDA and FNS, in the Final Agency Decision, denied Plaintiff's request for a trafficking CMP in lieu of permanent disqualification.

45. However, in their May 1, 2020 response to the charge letter, and May 18, 2020 Request for Review of Administrative Action, Plaintiff provided Defendant, through the USDA and FNS, with substantial evidence demonstrating Plaintiff's establishment and implementation of an effective compliance policy and program to prevent violations of the SNAP program.

46. Specifically, Plaintiff also provided the USDA with an affidavit from Singh, the manager and one of the owners of WOW, swearing to the fact that WOW trains all employees in the proper administration of the SNAP/EBT program. Plaintiff also submitted a photograph of a sign at the store, placed in clear view for employees, which explains the "SNAP EBT Do's and Don'ts for Cashiers."

47. Plaintiff met the four (4) requisite criteria for eligibility for a trafficking CMP as follows:

(a) Plaintiff developed an effective compliance policy for compliance with the SNAP program requirements;

(b) Plaintiff's compliance policy and program were in operation prior to the occurrence of the alleged trafficking violations;

(c) Plaintiff previously developed and instituted an effective personnel training program; and

(d) Singh and Yousaf were not aware of, did not approve, did not benefit from, or were not in any way involved in the conduct or approval of the alleged trafficking violations.

48. In the Final Agency Decision, Defendant blatantly disregarded Singh's affidavit and evidence Plaintiff submitted, and instead erroneously determined that Plaintiff did not present substantial evidence demonstrating the satisfaction of Criterion 1, 2, and 3.

49. Because Plaintiff submitted sufficient evidence to Defendant to justify the imposition of a trafficking CMP in lieu of permanent disqualification, Defendant's denial of Plaintiff's request for a trafficking CMP in lieu of permanent disqualification was arbitrary and capricious and should be reversed.

**WHEREFORE,** in the alternative, Plaintiff, Three Friends, Inc. d/b/a Wow Tobacco & Grocery, respectfully requests that this Court conduct a Judicial Review of Defendant's permanent disqualification of Plaintiff from the SNAP program and enter Judgment in favor of Plaintiff, and against Defendant, and enter an Order granting Plaintiff the following relief:

(a) Reversing the Final Agency Decision;

(b) Vacating FNS's Initial Determination;

(c) Imposing a Civil Money Penalty against Plaintiff in lieu of Permanent Disqualification;

(d) Awarding Plaintiff its reasonable attorneys' fees and costs incurred in this action, including pursuant to the Equal Access to Justice Act; and

(e) Such other and further relief as the Court deems just and proper.

Dated: September 14, 2020

                                      Respectfully submitted,

*/s/ Charles N. Curlett, Jr.*_____
Charles N. Curlett, Jr. (Bar # 28246)
Jeffrey M. Lichtstein (Bar # 20731)
Rosenberg Martin Greenberg, LLP
25 S. Charles Street, 21st Floor
Baltimore, Maryland 21201
Phone: (410) 727-6600
Fax: (410) 727-1115
ccurlett@rosenbergmartin.com
jlichtstein@rosenbergmartin.com

*Counsel for Plaintiff, Three Friends, Inc. d/b/a Wow Tobacco & Grocery*

4817-7749-9339, v. 1